The opinion of the court was delivered by
Gibson, J.
Had the record of the recovery by Broiun been offered as evidence of his title, an objection to its competency would have raised a point of some difliculty. It, however, was admitted without objection, and, we must intend, in that view in which alone it would be clearly competent — to show the fact of a recovery by which Brown, claiming the title of John Menough, had elected to locate his warrant on the land recovered; of the value of which to the plaintiffs’ case, I shall have occasion to spealc again. In this view of the case, Brown’s right to recover was altogether immaterial; but there was, in fact, no decisive objection to his title. Although the assignment of an insolvent debtor passes the legal estate in his land, yet a trust results by operation of law; which, as soon as the debts are satisfied, entitles him to the possession even against the assignees, et a multo fortiori against a stranger; and how can we say that Brown did not produce satisfactory evidence that the debts were paid? A lapse of fourteen years had intervened; constituting two thirds of a period sufficient of itself to raise a legal presumption of the fact. In the absence of proof to the’contrary, all necessary intendments are to be made in favour of judicial proceedings. But it is sufficient that his right to recpver' adversely to the title of William Menough, was not involved in the issue; and this disposes of the assignment of the first two errors, which depend on the same principle.
The two points which remain, are also alike in principle. The *370 warrants of John and William Menongh, having been surveyed together, a general diagram of survey was returned, which contained no division line, nor any thing to distinguish the one tract from the other. On the petition of Brown, who claimed the warrant of John, the Board of Property ordered the proper surveyor to return a new survey, in which the tract of each should be designated. This order was never.executed, but Brown recovered a particular part of the general survey, in an ejectment against two persons, who were respectively the tenants of the parties to the present suit; and it is contended, that the plaintiffs cannot recover, without showing that they were actually dispossessed of the part recovered by Brown; or without regard to the oz'der'of the Board of Property.
The nature of the interest, which the original owners of the warrants held under their joint survey, will go far to settle the rights of the parties before us. They were grantees from the state, not of an undivided interest in the whole, but of separate and distinct parts of the whole; consequently, they were not tenants in common. The grant to the one, would not have entitled him to possession in common of the whole; nor, if one had been disseised, could he have recovered an undivided portion from the other. The truth is, the survey was imperfect; and, although a valid appropriation of the land, as to strangers, it left their rights, as between themselves, suspended, till the subject of the grant to each should be specifically designated by the proper officer or by themselves. It has been held, that any number of warrants may be surveyed together by a-common outline, so as to prevent a valid appropriation of any part of the land included, to subsequent warrants; and, it being a matter between the warrantees themselves, I can see no difference, whether the interior lines be laid down by protraction or not. But the separate owners of warrants thus laid, would certainly not have an interest in common in the land included in the general survey.. Tenants in common, although their estates be several, have each an undivided interest in the whole; but it can with no propriety be said that each has an interest in the whole under the grant of a part. They could not join in trespass guare clausum fregit; but having supplied the deficiency in the original survey, by designating respectively the object of each grant, the title would relate to the commencement of the grant, as in ordinary cases, and then each might recover for himself. A writ of partition between John and William Menongh, therefore, would not have lain; but their interests were separable by any act in pais. They were certainly competent to exercise as much powjsr over the subject matter, as the surveyor, who was their agent, and'who might have allotted to each his part by protracting a division line, or even by writing their names upon different ends of the parallelogram formed by the lines of the draught. Now, the correctness of the charge, that the plaintiffs might recover *371 without proof that they had been dispossessed by Brown>, or without regard to the order of the Board of Property, depends on the nature and sufficiency of the evidence, of designation by the acts of the parties, or those who represent them; a matter concerning which it is impossible to form an opinion, as the evidence does riot all appear on the record; but being in any event a matter for the decision of the jury, it cannot be made the subject of error. But enough appears on the record to support the opinion of the court in point of fact. Brown, who stands in the place of John Menough, elected a particular part of the survey when he brought an ejectment for'it, and this election is ratified on the part of the plaintiffs by the present ejectment for the residue. After this, does it lie in the mouth of a stranger and a wrong-drier, to say that the parties have not separated their interests? All the objections to the-plaintiffs’ title are merely technical, and certainly not entitled to peculiar favour; and we are well content in pronouncing that they have not been maintained.
Judgment affirmed.